NEW ORDER-EQUITY BUILDING AND LOAN ASSOCIATION, LIQUIDATING CORPORATION, A CORPORATION, PROSECUTOR, v. LEO CLUESMAN, ZONING ENFORCEMENT OFFICER OF THE CITY OF NEWARK, THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK AND THE CITY OF NEWARK, DEFENDANTS.

Argued October 4, 1939—Decided November 10, 1939.

426

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Louis J. Cohen* and *Laurence N. Rosenbaum.*

For the defendants, *James F. X. O'Brien* and *Joseph A. Ward.*

BODINE, J. The writ seeks to bring before the court the validity of the zoning ordinance of the city of Newark adopted January 8th, 1930, as amended April 2d, 1930. It also brings up the action of the zoning enforcement officer of the Board of Adjustment in denying the application of the prosecutor for a permit for the erection at the southeasterly corner of Chancellor and Clinton avenues of a gasoline filling service station, including a lubritorium and an automobile laundry, the plan for which has been approved by the building superintendent.

The case involves the application of the city zoning ordinance, but that ordinance is not laid before us either as a whole, or in part, as applicable to the factual situation. In lieu thereof, and without any leave of the court the parties have entered into three stipulations, embracing both matters of fact *in pais,* and the contents and interpretation of the zoning ordinance. This is altogether irregular. The ordinance, or the pertinent parts thereof, should have been included in the return. And it is an old and familiar rule of practice that if matters of fact *aliunde* the return are necessary to be considered, they should be evidenced by depositions taken by leave of the court, or by stipulations pursuant to similar leave, and not otherwise. *Phi Zeta Fraternity* v. *New Brunswick,* 123 *N. J. L.* 237, and cases cited. And documentary evidence should, of course, be reproduced in its language and not in its alleged legal effect.

It is urged upon us that the original ordinance made provision for gasoline stations in two industrial districts, and that although by the amendment gasoline stations are excluded from all districts except upon an appeal for exception or variance that the original ordinance may be valid if the amendment is not.

A court called upon to determine the validity or invalidity of a city ordinance can hardly do so unless the ordinance with its amendments be before the court in some form or other. And as we have pointed out, the parties are not entitled to stipulate anything without leave of the court, nor can they take depositions without such permit.

It is urged that the legislative grant (*R. S.* 40:55-30) confers power to limit and restrict structures within certain districts, but does not give the power to prohibit within the city a lawful business. However, there is nothing before us to show that the ordinance, as adopted or amended, so prohibits. Whatever the circumstances may be this would seem to be a point for determination by the court and not by counsel.

We are not concerned in this case with the lack of power of the Board of Adjustment to make an appropriate recommendation notwithstanding the ordinance. Such power would seem to be conferred by *R. S.* 40:55-39.

Even though on two of the four corners of the street in question there be gas stations, it does not follow that the prosecutor is entitled, as of right, to a gas station. The particular question presented to us is the validity of the ordinance as allegedly an absolute prohibition upon gas stations within the city of Newark. That it has not been given that effect is so obvious that we may take judicial notice of the fact. Precisely what the ordinance does or does not provide we have no way of determining.

Since there is nothing before us of record to establish the ordinance, we are in no position to declare judicially that it is invalid in whole or part, and the presumption of validity is unimpugned.

The writ is dismissed, with costs.